**Electronically Filed
Intermediate Court of Appeals
CAAP-11-0000142
03-JUL-2013
09:43 AM**

NO. CAAP-11-0000142

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


IN THE MATTER OF THE TRUST ESTATE OF
DON HO, also known as DONALD TAI LOY HO


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(TRUST NO. 08-1-0013)


SUMMARY DISPOSITION ORDER
(By: Fujise, Presiding Judge, Leonard and Reifurth, JJ.)

Respondent-Appellant Dorianne Ho a.k.a. Dorianne L. DeMattos (**DeMattos**) appeals *pro se* from a February 7, 2011 order granting Petitioners-Appellees the Trustees of the Don Ho Revocable Living Trust's (**Trustees'**) June 28, 2010 petition to compel arbitration and for the appointment of an arbitrator (**Order Compelling Arbitration**) entered by the Circuit Court of the First Circuit, Probate Division (**Probate Court**).[1] Respondents-Appellants Elizabeth Guevara and Donalei Ho filed *pro se* a "Joint Notice of Appeal" with DeMattos, but did not file briefs or otherwise prosecute their appeals herein.

The Joint Notice of Appeal also purported to appeal from the following three orders of the Probate Court: (1) the July 9, 2008 order granting the Trustees' petition for reformation of trust; (2) the April 6, 2009 order granting the

---

[1] The Honorable Bert I. Ayabe presided.

Trustees' petition to enforce a settlement agreement and compel arbitration; and (3) the April 14, 2010 order denying DeMattos's petition to stay arbitration. However, as set forth in the Intermediate Court of Appeal's January 30, 2012 order denying the Trustees' motion to dismiss this appeal for lack of jurisdiction, this court lacks appellate jurisdiction to review the July 9, 2008 order, the April 6, 2009 order, and the April 14, 2010 order.

DeMattos's brief fails in numerous and substantial ways to comply with Hawai'i Rules of Appellate Procedure (**HRAP**) Rule 28(b)(4), but nevertheless enumerates four points of error, contending that the Circuit Court erred in: (1) reforming the trust; (2) enforcing the settlement agreement; (3) enforcing the arbitration clause in the settlement agreement; and (4) approving the arbitration award and entering final judgment in this matter.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the relevant statutory and case law, we resolve DeMattos's points of error as follows:

DeMattos's failure to comply with HRAP Rule 28(b)(4), including her failure to include record references, and/or evidence or cogent legal arguments in support of any relief from the Probate Court's Order Compelling Arbitration severely hampers our review of this case. Nevertheless, it appears that DeMattos is challenging the Probate Court's decision to compel arbitration. It further appears that it is indisputable that the settlement agreement entered into by DeMattos contains an arbitration agreement and that the subject matter of this dispute falls within the scope of the arbitration agreement. See Koolau Radiology, Inc. v. Queen's Med. Ctr., 73 Haw. 433, 445, 834 P.2d 1294, 1300 (1992) ("[W]hen presented with a motion to compel arbitration, the court is limited to answering two questions: 1)

2

whether an arbitration agreement exists between the parties; and 2) if so, whether the subject matter of the dispute is arbitrable under such agreement."). Even if all or part of the settlement agreement itself was unenforceable, the parties' agreement to arbitrate may be enforced. Lee v. Heftel, 81 Hawai'i 1, 4, 911 P.2d 721, 724 (1996) ("[A]rbitration clauses are separable from the contracts in which they are embedded, and where no claim is made that fraud was directed to the arbitration clause itself, a broad arbitration clause will be held to encompass arbitration of the claim that the contract itself was induced by fraud.") (citation omitted).

As noted above, we do not have appellate jurisdiction to address alleged errors in the other orders challenged by DeMattos in this appeal.

Accordingly, we affirm the Probate Court's February 7, 2011 Order Compelling Arbitration.[2]

DATED: Honolulu, Hawai'i, July 3, 2013.

On the briefs:

Dorianne Ho
Respondent-Appellant Pro Se

Crystal K. Rose
Adrian L. Lavarias
(Bays Lung Rose & Holma)
for Petitioners-Appellees

Presiding Judge

Associate Judge

Associate Judge

---

[2] Appellant-Respondent Dondi Ho-Costa also filed an appeal from the Probate Court's February 7, 2011 Order Compelling Arbitration in CAAP-11-0000136. A separate order, also affirming the Probate Court's February 7, 2011 Order Compelling Arbitration, is being filed concurrently in CAAP-11-0000136.

3